1 [Reprinted by permission.]

## Case No. 5,134.

### In re FROST.

[6 Biss. 213; 1 11 N. B. R. 69; 7 Chi. Leg. News, 42.]

District Court, N. D. Illinois. Oct., 1874.

McClellan & Hodges, for petitioning creditors.

Grant & Swift, for respondent.

BLODGETT, District Judge. The petition in this case was filed by eight of the creditors of respondent, the aggregate of whose debts amount to $8,944. To this respondent filed an answer, duly verified, stating, in substance, that the requisite number of his creditors had not joined in said petition, and with his said answer filed what purported to be a schedule or list of his creditors with the amount due each, to which some amendments were afterward made. The petitioning creditors having suggested, by way of reply to this denial, that the list of creditors so filed by the debtor was in many respects untrue, both as to the nature and amount of his debts, a reference was made to H. N. Hibbard, Esq., one of the registers of the court, to take proof and report as to the correctness of said list, and the number and amount of the provable debts against said respondent.

The register has filed his report, to which no exception is taken, from which it appears that the total number of creditors to whom the respondent is indebted in sums over $250 each, is twenty-six, the aggregate of whose debts amounts to $48,141 excluding the demands against him for state, county and municipal taxes now due and unpaid for the past year. Of the creditors thus enumerated, four, the aggregate of whose debts amounts to $22,200, are secured by mortgages, which so far are in no way impeached or attacked by these proceedings. One of the creditors named in said bill had obtained a judgment for the amount of his debt $843, in due course of legal procedure, before the petition was filed, for which he claims a lien on lands owned by debtor, and since the petition was filed seven creditors, the aggregate of whose debts amounts to $9,120, have entered up judgments, upon warrants of attorney, against the respondent

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

in the state courts of this county, where respondent resides and owns real estate, so that if these proceedings are defeated, said judgments will become a lien upon the property of the respondent and give said judgment creditors a preference over the remainder of respondent's creditors. This leaves fourteen creditors whose debts exceed $250 each and the aggregate of whose debts amounts to $14,782, who have no security and have taken no steps which may ripen into security or priority. There are in addition to these creditors twelve persons named in the list whose claims amount to less than $250 each, and the aggregate of whose claims is $1,150.

Do these facts show that the requisite number of the creditors of respondent have joined in this petition?

By the amendment of the 22d of June last, to the general bankrupt law, the petitioners must constitute one-fourth in number of the creditors of the debtor and the aggregate of their debts provable under the bankrupt law must amount to at least one-third of the debts provable against the estate of the debtor in bankruptcy. It is clear that if all the creditors of the debtor, secured and unsecured, are to be counted for the purpose of instituting proceedings under the law as it now stands the requisite quorum has not concurred in this petition. The total number of creditors over $250 each is twenty-six, and there are twelve holding smaller amounts, so that eight joining in this petition do not constitute a fourth of even the smaller number. The aggregate debts of the respondent amount to $48,141, excluding taxes; and the aggregate represented by petitioners is only $8,944, which is far short of one-third of the whole.

The question is, what is meant by the phrase "debts provable under this act," as used in the amended 39th section. If it is intended to describe all the creditors of a person, who under any circumstances may prove their debts against the estate of a debtor in bankruptcy, then this petition obviously falls far short of the requisite number, while if the four creditors, who hold security by mortgage for their debts and the one has obtained a judgment in time to entitle him to a priority are to be excluded from the reckoning, then the petitioners constitute over a fourth in number, and the debts, $8,944, are a third in amount of the aggregate of those remaining after deducting the four mortgage debts and one judgment debt.

As will be seen: Total debts.......... $48,141
Mortgage debts.............. $22,200
Judgment .................. 843
                                    ————— 23,043
                                    —————
Balance unsecured.................. $25,098
One-third of which is................ 8,366
Amount represented in petition....... 8,944
Total number of unsecured creditors.. 21
One-fourth of whom is............. 5¼

The amended act does not specifically define what is meant by the phrase, "debts provable under this act," and we are obliged to resort to the whole law as it now stands amended to ascertain its meaning.

The 19th section of the act of 1867 [14 Stat. 517] describes the various classes of creditors who are entitled to prove their debts.

By this, all debts due at the time of adjudication or at a future day, all contingent as well as absolute liabilities and certain unliquidated claims for damages are provable against the bankrupt's estate; and after enumerating all the various classes of debts so provable, it declares that "no debts other than those above specified shall be proved or allowed against the estate."

The 20th section provides that "when a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt, after deducting the value of such property, to be ascertained by agreement between him and the assignee or by a sale thereof to be made in such manner as the court shall direct; or the creditor may release or convey his claim to the assignee upon such property and may be admitted to prove his whole debt. If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption on receiving such excess; or he may sell the property subject to the claim of the creditor thereon, and in either case the assignee and creditor respectively shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt."

By the 21st section, it is provided: "That no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby."

Other clauses might be quoted, but it seems to me those cited are sufficient to show that any creditor holding a secured claim or demand against the bankrupt, cannot prove his claim without first exhausting or surrendering his security. His secured debt may be in one sense provable, but only on conditions. And those conditions can only be performed after there is an assignee to whom the surrender of security can be made, or by a sale of the property as the court shall direct, both of which contingencies can only occur after the debtor is adjudged bankrupt, or at least after the court has taken jurisdiction of the

subject matter. True, a secured or lien-holding creditor may be allowed to petition for adjudication against his debtor but only on condition of offering to surrender his security, while an unsecured creditor may proceed without any such condition to petition for adjudication and prove his debt.

It therefore seems evident to me that by the term "debts provable under act" congress meant debts unconditionally provable without any release or other preliminary action, either by the court or assignee, being necessary. Any other construction would make it practically impossible to put a very large proportion of debtors into bankruptcy, as it would leave unsecured creditors entirely at the mercy of those who had, by their diligence or otherwise, obtained security. A case may be readily supposed where a debtor has given enough of his creditors security under such circumstances as to amount to a fraudulent preference, to break the statutory quorum of one-fourth in number and one-third in amount of all his debts, and thereby prevent proceedings in bankruptcy from ever being maintained. A debtor might fully secure three fourths in number of his creditors holding two-thirds in amount of his debts in defiance of all the provisions of the bankrupt law for the prevention of fraud, and yet be secure from bankruptcy proceedings if secured creditors who, so far as known to the court, insist upon their security, are to be counted for the purpose of determining the requisite number of petitioning creditors.

As this petition, therefore, is signed by more than a fourth of the unsecured creditors of the debtor, whose claims in the aggregate amount to more than one third of the debts unconditionally provable against the respondent's estate in bankruptcy, I find upon the admitted facts in this case that the requisite number of creditors have joined in this petition.

I have not felt called upon to consider and determine the position occupied by those creditors who have entered judgment by confession since this petition was filed, as more than a fourth of the unsecured creditors, counting those judgment creditors as unsecured, have joined in this petition. The respondent is still at liberty to deny the acts of bankruptcy alleged in the petition, as this decision only determines that enough creditors have petitioned to put respondent on his defense upon the merits.